IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KIRK ANTHONY BOTTS, | ) | 8:11CV220 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| | ) | **AND ORDER ON "CIVIL ACTION** |
| v. | ) | **AND MOTION FOR LEAVE TO** |
| | ) | **PROCEED IN FORMA** |
| SHERIFF OF LANCASTER | ) | **PAUPERIS" CONSTRUED AS A** |
| COUNTY, et al., | ) | **COMPLAINT** |
| | ) | |
| Defendants. | ) | |

The plaintiff, Kirk Anthony Botts, filed on June 20, 2011, a document titled "Civil Action and Motion for Leave to Proceed in forma pauperis," which I construe as a complaint. (Filing No. 1.) I have now conducted an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e).

## I.     SUMMARY OF COMPLAINT

Mr. Botts' complaint is difficult to decipher. As best as I can tell, Mr. Botts alleges that the Sheriff of Lancaster County, Leslie McIntosh, and Ryan McIntosh "kidnapped" his minor child. (Filing No. 1 at CM/ECF p. 1.) Botts seeks $100,000 as compensation for the defendants' unlawful actions. (*Id.*) The documents Botts has attached to his complaint reflect that (1) Leslie and Ryan McIntosh are the aunt and uncle of his minor child and (2) a custody proceeding concerning Bott's minor child is currently pending in the District Court of Lancaster County, Nebraska. (*Id.* at CM/ECF pp. 3-6.)

## II.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

I am required to review prisoner and in forma pauperis complaints seeking

relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). I must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

**III.   DISCUSSION OF CLAIMS**

Here, it appears that Botts intended to invoke federal-question jurisdiction under 42 U.S.C. § 1983. (*See* Filing No. 1 at CM/ECF p. 1 (stating "defendants action in concert and under color of state law have violated Plaintiff['s] rights"]. However, Botts did not allege the deprivation of a right secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). Regardless, I must be mindful of my obligation to promote comity between state and federal

judicial bodies and will "abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings." *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Courts use the doctrine developed in *Younger v. Harris* to carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996); *see also Carson P. v. Heineman*, 240 F.R.D. 456, 523-32 (D. Neb. 2007) (finding that "child welfare and protection" is an important state interest and abstaining from jurisdiction where the plaintiffs were involved in separate juvenile proceedings in Nebraska state court in which they could raise their constitutional claims).

Here, it is apparent from the complaint that there is an ongoing state judicial proceeding which implicates the important state interests relating to the custody, treatment, and safety of Botts' minor child. Mr. Botts has not alleged, nor demonstrated, that those proceedings will not provide him with the opportunity to raise his constitutional claims. Accordingly, the court will abstain from exercising jurisdiction over Botts' claims. However, the court will dismiss Botts' complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that: Botts' filing titled "Civil Action and Motion for Leave to Proceed informa pauperis," construed as a complaint (filing no. 1) is dismissed without prejudice to reassertion in the proper forum. A separate

judgment will be entered in accordance with this Memorandum and Order on "Civil Action and Motion for Leave to Proceed in forma pauperis," Construed as a Complaint.

Dated September 27, 2011.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge